USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/16/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
:
JENNIFER DOWLING,                                                :
                                                                 :
                        Plaintiff,                              :
                                                                 :     19-cv-2114 (LJL)
       -v-                                                       :
                                                                 :     OPINION & ORDER
NEW YORK-PRESBYTERIAN/WEILL CORNELL                              :
MEDICAL CENTER and BRIAN SCHNEIDER,                              :
                                                                 :
                        Defendants.                             :
                                                                 :
-----------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Plaintiff Jennifer Dowling moves pursuant to Federal Rule of Civil Procedure 45(d)(3) to quash a subpoena for personnel records served on her former employer, NYU Langone Medical Center. For the reasons stated below, the motion is granted.

## BACKGROUND

Plaintiff was employed as a staff nurse in the neuroscience intensive care unit at New York-Presbyterian/Weill Cornell Medical Center ("NYP") from February 12, 2018, until her employment was terminated on May 3, 2018. Dkt. No. 1 ("Compl.") ¶¶ 26, 28, 53-54. At the time she received her offer letter (one month before the start of her employment), she was four months pregnant—a fact of which she informed the talent acquisition and human resources manager who had extended to her the offer of employment. Compl. ¶¶ 18, 21. Plaintiff alleges that the news of her pregnancy was met with a cold reception from the talent acquisition and human resources manager and from her direct supervisor who she claims thereupon engaged in a campaign of discrimination ultimately leading to termination of her employment. Compl. ¶¶ 22-23, 30. Specifically, she alleges that shortly after her employment began, her supervisor

1

made pretextual and baseless complaints about her performance, but that he was unable to provide any facts to support his complaints and that such complaints were inconsistent with and contradicted by the favorable comments she received from others. She further alleges that only two days after she called sick from work due to a medical emergency-related to her pregnancy and one day after she informed her supervisor that her absence was due to a pregnancy-related illness, her supervisor terminated her employment.

On March 7, 2019, Plaintiff initiated the instant action against NYP and the supervisor (together, "Defendants") after receiving a Notice of Right to Sue from the Equal Employment Opportunity Commission, dated February 22, 2019. She alleges discrimination based on pregnancy, sex/gender, and pregnancy-related illness under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, the New York State Human Rights Law, and the New York City Human Rights Law.

On February 28, 2020, counsel for Defendants informed Plaintiff that it would be serving a subpoena on Plaintiff's former employer, NYU Langone Medical Center ("NYU Langone"), pursuant to Fed. R. Civ. P. 45. Dkt. No. 34. The subpoena seeks Plaintiff's personnel file in connection with her employment in the neurosurgery and neurology unit at NYU Langone from 2011 to 2014. Dkt. No. 33-1. During the latter six months of that employment, starting at the end of 2013, Plaintiff was on sick leave. Dkt. No. 33-2 at 39:15-21, 42:7-15.

On March 7, 2020, Plaintiff filed a motion to quash the subpoena in a form that violated this Court's Individual Practices and which this Court will not review.[1] Dkt. No. 31. Defendants filed their opposition on March 11, 2020, Dkt. No. 33, and Plaintiff filed a proper letter motion to

---

[1] The Court admonishes Plaintiff's counsel for not following the Court's Individual Practices. Future violations might result in the Court denying relief for that reason alone.

quash the next day, Dkt. No. 34. The subpoena reflects that it is returnable on March 16, 2020. Dkt. No. 34-1.

## DISCUSSION

Plaintiff argues that the subpoena seeks irrelevant information as to which she has a personal privacy interest and is "a fishing expedition." Dkt. No. 34 at 2. A subpoena issued pursuant to Fed. R. Civ. P. 45 must meet Fed. R. Civ. P 26(b)(1)'s "overriding relevance requirement" and may be quashed by this Court for failure to do so. *Ireh v. Nassau Univ. Med. Ctr.*, No. cv 06-09, 2008 WL 4283344, at *5 (E.D.N.Y. Sept. 17, 2008), *aff'd*, 371 F. App'x 180 (2d Cir. 2010); *see Peddy v. L'Oreal USA Inc.*, No. 18-cv-7499, 2019 WL 3926984, at *2 (S.D.N.Y. Aug. 20, 2019).

1.  **Standing**

As an initial matter, the Court finds that Plaintiff has standing to move to quash. Although "any motion to quash or modify generally must be brought by the nonparty," a party has standing to move to quash or modify if the party claims "a personal right or privilege regarding the production nor testimony sought" by the subpoena. 9 Moore's Federal Practice 45.50[3] (2020); *see also Hughes v. Twenty-First Century Fox, Inc.*, 327 FRD 55, 57 (S.D.N.Y. April 24, 2018) (listing examples of personal rights).

The courts in this Circuit have repeatedly held that the personal rights of a party include privacy interests in documents such as personnel records. *See, e.g.*, *Peddy*, 2019 WL 3926984, at *3 (holding that employee has protectible interest in her employment records); *Henry v. Morgan's Hotel Grp., Inc.*, No. 15-cv-1789, 2016 WL 303114, at *2 (S.D.N.Y. Jan. 25, 2016) (entertaining motion to quash subpoena for personnel records served on movant's former

employer); *Warnke v. CVS* Corp., 265 F.R.D. 64, 66 (E.D.N.Y 2010) (holding that plaintiff has a legitimate privacy interest in his personnel and related records).

Those cases squarely apply here. The subpoena in this action seeks personnel records from Plaintiff's former employer for whom she worked four years prior to her commencing employment with Defendant NYP. Plaintiff has standing.

**2.    Relevance and Burden of Personnel Records**

Fed. R. Civ. P. 26(b)(1) makes discoverable "any nonprivileged information that is relevant to any party's claims or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." A court may also protect a party or person from undue embarrassment. *Perry*, 2019 WL 3926984, at *2.

Defendants argue that the requested documents are relevant to their defenses that Defendants had non-pretextual reasons for terminating her employment and that Plaintiff was not qualified for her job. Dkt. No. 33 at 3. In support, Defendants claim that the statement in the resume Plaintiff provided at the time of her employment with NYP that Plaintiff was employed at NYU Langone until 2014 was false because it did not reveal that she was on leave for the last six months of her employment and therefore ceased active employment at the end of 2013. *Id.* Defendants further emphasize that Plaintiff's testimony shows that she had not worked at a hospital for approximately four years before she began her employment with NYP. *Id.*

Plaintiff responds that there is no evidence that she misled Defendants on her resume because the resume accurately reported when her employment relationship with NYU Langone

4

ended, which was in 2014. Dkt. No. 34 at 2. Plaintiff further argues that she was not under an obligation to disclose that she was on medical leave for the last portion of her employment, and Defendants did not ask. *Id.* Finally, Plaintiff notes that regardless whether her last day of active work was in 2013 or 2014, her resume disclosed that the NYU Langone job was the last one she had before NYP and that therefore it was clear she did not work for several years before commencing her job at NYP. Dkt. No. 34 at 3.

Plaintiff has the better of the argument. Defendants have failed to show how the requested evidence is relevant to their defense that they had non-pretextual reasons for the termination of Plaintiff's employment. Defendants cited Plaintiff's job performance at NYP as the reason for her termination. *See Vuona v. Merrill Lynch & Co.*, No. 10-cv-6529, 2011 WL 5553709, at *9 (S.D.N.Y. Nov. 15, 2011) ("Simply put, the issue here is whether [Defendant's] decision-making as to Plaintiffs was based on valid considerations or whether it was influenced by gender bias. On the record before the Court, Plaintiffs' prior work histories have nothing to do with that."). Defendants did not assert at the time of Plaintiff's employment termination that Plaintiff had misled Defendants in her report of her prior employment. Indeed, to take Defendants at their word, they did not acquire information regarding the medical leave until after Plaintiff brought this lawsuit and her deposition. Moreover, Defendants have not established how any information in the personnel records would be relevant to this issue because "in her deposition, [Plaintiff] already explained the discrepancy in dates." *Peddy*, 2019 WL 3926984 at *2-3. Plaintiff was employed until 2014, as the resume stated.

Defendants fare no better in their second argument that the requested evidence is relevant to their defense that Plaintiff was not qualified for her job. During Plaintiff's deposition, she testified that she did not know whether she was competent in certain procedures that her resume

5

reflected that her unit at NYU Langone performed. Dkt. No. 33-2. But Plaintiff did not state on her resume that she performed those procedures, and Defendants have not supported that competence in those procedures were necessary for her to be qualified for her position at NYP. Assuming that Plaintiff was required to have competence in those procedures in order to be qualified for her position at NYP, Defendants will likely be able to offer that testimony at trial. Defendants do not need the personnel records for that defense and have failed to show how the records would be relevant to that defense.

Indeed, Defendants have not established that the personnel records would bear at all on Plaintiff's qualifications for her current job or the greater question of whether her termination was discriminatory. *See Henry*, 2016 WL 303114, at *3 ("Even if [Plaintiff] was not an 'exceptional' waiter at his prior jobs (whatever that may mean), it is not remotely apparent what difference that would make regarding the allegations of discrimination and retaliation he has made in this case."); *Ireh*, 2008 WL 4283344, at *5 (finding "that Plaintiff's performance during his prior residency bears no relevance to his actual work performance with Defendants" and holding that such prior employment records were inadmissible under Fed. R. Evid. 404(a)).

Moreover, as noted, to the extent that Defendants would argue that the three year gap between Plaintiff's employment at NYU Langone and NYP demonstrates that she was not qualified for the NYP job, (1) Defendants knew at the time NYP hired Plaintiff that her last employment was as far back as 2014 and (2) Defendants now know that Plaintiff's last day working was actually six months earlier. Defendants' hope that the personnel records would reveal something more constitutes a mere fishing expedition. *Peddy*, 2019 WL 3926984, at *3.

### 3. Alternative Relief Sought

Plaintiff also requests an order instructing NYU Langone to refrain from responding to the subpoena, or alternatively, directing Defendants—if they have received documents—to shred them. Dkt. No. 34 at 3. NYU Langone is not before this Court, and the Court will therefore not enter any orders against it. Plaintiff is free to show a copy of this Order to NYU Langone and tell it that the subpoena has been quashed. If NYU Langone nonetheless decides voluntarily to produce the documents, the Court will not order Defendants to shred them.

## CONCLUSION

For the reasons stated, the motion to quash is GRANTED. The remainder of Plaintiff's motion is DENIED.

SO ORDERED.

Dated: March 16, 2020
New York, New York

_____
LEWIS J. LIMAN
United States District Judge